# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
05/26/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _____ C. Clark _____ Deputy

**NOTICE TO DEFENDANT:** *(AVISO AL DEMANDADO):*
Siemens Industry, Inc.; and Does 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Chanielle Enomoto, individually and on behalf of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es:)*  Rene Davidson Courthouse, 1225 Fallon Street, Oakland CA 94512

CASE NUMBER: *(Número del Caso):*
**22CV011810**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan M. Lebe, Lebe Law, APLC, 777 S. Alameda St. Los Angeles CA 90021

DATE: 05/26/2022  Chad Finke, Executive Officer / Clerk of the Court   Clerk, by   C. Clark   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*:  Siemens Industry, Inc.
   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1  Jonathan M. Lebe (State Bar No. 284605)
   Jon@lebelaw.com
2  Shigufa Saleheen. (State Bar No. 341013)
   Shigufa@lebelaw.com
3  **Lebe Law, APLC**
   777 S. Alameda Street, Second Floor
4  Los Angeles, CA 90021
   Telephone: (213) 444-1973
5
   Attorneys for Plaintiff Chanielle Enomoto,
6  individually and on behalf of all others similarly situated

7

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
05/26/2022 at 10:43:06 AM
By: Cheryl Clark, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| Chanielle Enomoto, individually and on behalf of all others similarly situated | Case No.  22CV011810 |
| Plaintiff, | **CLASS AND REPRESENTATIVE ACTION COMPLAINT FOR:** |
| vs. | 1. Failure to Pay Minimum Wages; |
| Siemens Industry, Inc.; and Does 1 through 20, inclusive, | 2. Failure to Pay Overtime Wages; |
| Defendants. | 3. Failure to Provide Meal Periods; |
| | 4. Failure to Provide Rest Breaks; |
| | 5. Failure to Provide Accurate Itemized Wage Statements; |
| | 6. Failure to Reimburse All Business Expenses; |
| | 7. Failure to Timely Pay All Wages and Commissions Due Upon Separation of Employment; and |
| | 8. Violation of Business and Professions Code §§ 17200, *et seq.* |
| | 9. Enforcement of Labor Code § 2698 Et. Seq. ("PAGA") |

Plaintiff Chanielle Enomoto, individually and on behalf of others similarly situated, alleges as follows:

**NATURE OF ACTION AND INTRODUCTORY STATEMENT**

1.     Plaintiff Chanielle Enomoto ("Plaintiff") brings this putative class and representative action against defendants Siemens Industry, Inc. and Does 1 through 20, inclusive (collectively, "Defendants"), on behalf of herself individually and a putative class of commissioned employees employed by Defendants.

2.     Defendant Siemens Industry, Inc. is a Delaware corporation doing business in the state of California.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay all minimum wages owed;

(b) Failing to pay all overtime wages owed;

(c) Failing to provide meal periods, or compensation in lieu thereof;

(d) Failing to provide rest breaks, or compensation in lieu thereof;

(e) Failing to provide accurate itemized wage statements;

(f) Failing to reimburse for all business expenses; and

(g) Failing to timely pay all wages and commissions due upon separation of employment.

5.     Defendants maintained and enforced against the class the following unlawful practices and policies, in violation of California state wage and hour laws:

(a) Defendants misclassified Plaintiff and class members as exempt from California's wage and hour protections related to the payment of overtime, providing of meal breaks and the providing of rest breaks.

(b) Defendants failed to maintain a policy that compensates Plaintiff and class members for all hours worked, including all minimum wages and overtime compensation.

(c) Defendants failed to provide meal and rest in violation of California law. When class members suffered meal and rest period violations, Defendants failed to pay an additional hour of pay at the regular rate of pay to class members.

(d) Defendants have failed to reimburse Plaintiff and class members for all business expenses, including home internet and cell phone costs.

(e) Defendants have failed to pay Plaintiff and class members all wages and commissions they are owed.

6.      Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of herself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-203, 204, 210, 221, 226, 226.7, 510, 512, 1194, 1194.2, 1197 and 1198.

**JURISDICTION AND VENUE**

7.      This is a class action, pursuant to California Code of Civil Procedure § 382.

8.      Plaintiff's individual damages are less than $75,000.

9.      The monetary damages and penalties sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial. Based on information, investigation, and analysis, Plaintiff alleges that the amount in controversy, including claims for monetary damages, penalties, and attorney's fees is more than twenty-five thousand dollars ($25,000), and that the aggregate amount in controversy for the proposed action, including monetary damages, penalties, and attorney's fees is less than five million dollars ($5,000,000), exclusive of costs. Plaintiff reserves the right to seek a larger amount based upon new and different information resulting from investigation and discovery.

10.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts. The statutes under which this action is brought do not specify

-2-

1    any other basis for jurisdiction.

2         11.    This Court has jurisdiction over all Defendants because, upon information and

3    belief, they are citizens of California, have sufficient minimum contacts in California or

4    otherwise intentionally avail themselves of the California market so as to render the exercise of

5    jurisdiction over them by the California courts consistent with traditional notions of fair play and

6    substantial justice.

7         12.    Venue is proper in this Court because, upon information and belief, Defendants

8    reside, transact business or have offices in this county and the acts and omissions alleged herein

9    took place in this county.  Further, Defendant failed to file and obtain a certificate of qualification

10   and designate its principal place of business in California.  As a foreign corporation that is not

11   qualified to do business in California, it may be sued in any county in the state.  *Easton v.*

12   *Superior Court*, 12 CA3d 243, 90 CR 642 (1970).  Moreover, a PAGA action may be filed in

13   any county in which aggrieved employees worked for a defendant. *Crestwood Behavioral*

14   *Health, Inc. v. Superior Court*, 60 Cal. App. 5th 1069, 1076 (2021).

15                              **THE PARTIES**

16        13.    8.    Plaintiff was a citizen of California when she worked for Defendant.

17   Plaintiff worked for Defendant from approximately February of 2020 to March of 2020.  Plaintiff

18   was employed by Defendants during the Class Period in California.

19        14.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all times

20   hereinafter mentioned, were and are employers as defined in and subject to the Labor Code and

21   IWC Wage Orders, whose employees were and are engaged throughout this county and the State

22   of California.

23        15.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein

24   under the fictitious names Does 1 through 20, but will seek leave of this Court to amend this

25   Complaint and serve such fictitiously named Defendants once their names and capacities become

26   known.

27        16.    Plaintiff is informed and believes, and thereon alleges, that each Defendant acted

28

-3-

1   in all respects pertinent to this action as the agent of the other Defendant, carried out a joint

2   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

3   are legally attributable to the other defendant.  Furthermore, Defendants in all respects acted as

4   the employer and/or joint employer of Plaintiff and the class members.

5        17.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts

6   and omissions alleged herein were performed by, or are attributable to, Defendants and/or Does

7   1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the

8   other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the

9   official policy of Defendants.

10        18.    At all relevant times, Defendants, and each of them, acted within the scope of such

11   agency or employment, or ratified each and every act or omission complained of herein.  At all

12   relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each

13   and all the other Defendants in proximately causing the damages herein alleged.

14        19.    Plaintiff is informed and believes, and thereon alleges, that each of said

15   Defendants is in some manner intentionally, negligently or otherwise responsible for the acts,

16   omissions, occurrences and transactions alleged herein.

17                          **CLASS ACTION ALLEGATIONS**

18        20.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

19   herself and all others similarly situated who were affected by Defendants' Labor Code, Business

20   and Professions Code §§ 17200 and IWC Wage Order violations.

21        21.    All claims alleged herein arise under California law for which Plaintiff seeks relief

22   authorized by California law.

23        22.    Plaintiff's proposed Class consists of and is defined as follows:

24        Class
     All current and former commissioned employees classified by Defendants as
25        exempt who worked for Defendants in the State of California from four years plus
     179 days before the filing of this complaint to the date of trial.[1]
26

27   _____

28   [1] The statute of limitations for this matter was tolled pursuant to Cal. Rules of Court, Appendix I,
     Emergency Rule No. 9.

23.     Plaintiff also seeks to certify the following Subclass of employees:

Waiting Time Subclass
All members of the Class who separated their employment from Defendants from three years plus 179 days before the filing of this complaint to the date of trial.

24.     Members of the Class described above will be collectively referred to as "class members."  Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

25.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendants paid Plaintiff and class members all minimum wage compensation owed;

(b) Whether Defendants paid Plaintiff and class members all overtime wage compensation owe;

(c) Whether Defendants deprived Plaintiff and class members of compliant meal periods or required Plaintiff and class members to work through meal periods without compensation;

(d) Whether Defendants deprived Plaintiff and class members of compliant rest breaks or required Plaintiff and class members to work through rest breaks without compensation;

(e) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements;

(f) Whether Defendants failed to reimburse Plaintiff and class members for business expenses;

(g) Whether Defendants failed to timely pay Plaintiff and class members all wages and commissions due upon separation of employment; and

(h) Whether Defendants engaged in unfair business practices in violation of Business

-5-

1      & Professions Code §§ 17200, *et seq.*

2          26.     There is a well-defined community of interest in this litigation and the Class is

3      readily ascertainable:

4              (a)     <u>Numerosity</u>:  The members of the Class are so numerous that joinder of all

5                      members is impractical.  Although the members of the Class are unknown

6                      to Plaintiff at this time, on information and belief, the Class is estimated to

7                      be greater than 100 individuals.   The identity of the class members are

8                      readily ascertainable by inspection of Defendants' employment and payroll

9                      records.

10             (b)     <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the

11                     claims (or defenses, if any) of the Class because Defendants' failure to

12                     comply with the provisions of California wage and hour laws entitled each

13                     class member to similar pay, benefits and other relief.  The injuries sustained

14                     by Plaintiff are also typical of the injuries sustained by the Class because

15                     they arise out of and are caused by Defendants' common course of conduct

16                     as alleged herein.

17             (c)     <u>Adequacy</u>:  Plaintiff is qualified to, and will fairly and adequately represent

18                     and protect the interests of all members of the Class because it is in her best

19                     interest to prosecute the claims alleged herein to obtain full compensation

20                     and penalties due to her and the Class.  Plaintiff's attorneys, as proposed

21                     class counsel, are competent and experienced in litigating large employment

22                     class actions and are versed in the rules governing class action discovery,

23                     certification and settlement.   Plaintiff has incurred and, throughout the

24                     duration of this action, will continue to incur attorneys' fees and costs that

25                     have been and will be necessarily expended for the prosecution of this action

26                     for the substantial benefit of each class member.

27             (d)     <u>Superiority</u>:  The nature of this action makes the use of class action

28                     adjudication  superior  to  other  methods.    A  class  action  will  achieve

-6-

1     economies of time, effort and expense as compared with separate lawsuits,
2     and will avoid inconsistent outcomes because the same issues can be
3     adjudicated in the same manner and at the same time for each Class.  If
4     appropriate this Court can, and is empowered to, fashion methods to
5     efficiently manage this case as a class action.

6     (e)     Public Policy Considerations:  Employers in the State of California and
7     other states violate employment and labor laws every day.   Current
8     employees are often afraid to assert their rights out of fear of direct or
9     indirect retaliation.  Former employees are fearful of bringing actions
10    because they believe their former employers might damage their future
11    endeavors through negative references and/or other means.  Class actions
12    provide the class members who are not named in the complaint with a type
13    of anonymity that allows for the vindication of their rights at the same time
14    as affording them privacy protections.

15    **FIRST CAUSE OF ACTION**

16    **FAILURE TO PAY MINIMUM WAGES**

17    **(Violation of Labor Code §§ 1194, 1194.2, and 1197; Violation of IWC Wage Order § 3)**

18    27.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
19    though fully set forth herein.

20    28.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees
21    fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser
22    wage than the minimum so fixed is unlawful.

23    29.     During the relevant time period, Defendants paid Plaintiff and class members less
24    than minimum wages when, for example, Defendants required Plaintiff and class members to
25    work off-the-clock during meal periods.  To the extent these hours do not qualify for the payment
26    of overtime or doubletime, Plaintiff and class members were not being paid all minimum wage
27    for their work.

28

-7-

1   30.     During the relevant time period, Defendants regularly failed to pay all minimum

2   wage to Plaintiff and class members for all hours worked pursuant to Labor Code §§ 1194 and

3   1197.

4   31.     Defendants' failure to pay Plaintiff and class members the minimum wage as

5   required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and class

6   members are entitled to recover the unpaid balance of their minimum wage compensation as well

7   as interest, costs and attorney's fees.

8   32.     Pursuant to Labor Code § 1194.2, Plaintiff and class members are entitled to

9   recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest

10  thereon.

11  ## SECOND CAUSE OF ACTION

12  ## FAILURE TO PAY OVERTIME WAGES

13  **(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

14  33.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

15  though fully set forth herein.

16  34.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful

17  to employ persons without compensating them at a rate of pay either one and one-half (1½)  or

18  two (2) times the person's regular rate of pay, depending on the number of hours or days worked

19  by the person on a daily or weekly basis.

20  35.     Specifically, the applicable IWC Wage Orders provide that Defendants are and

21  were required to pay overtime compensation to Plaintiff and Class Members at the rate of one

22  and one-half times (1½) their regular rate of pay when working and for all hours worked in excess

23  of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8)

24  hours of work on the seventh day of work in a workweek.

25  36.     The applicable IWC Wage Orders further provide that Defendants are and were

26  required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their

27  regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a

28  day or in excess of eight (8) hours on the seventh day of work in a workweek.

-8-

37.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

38.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

39.     Plaintiff and Class Members were non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

40.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week.  Plaintiff and Class Members frequently had to engage in overtime work in order to keep up with the work required by Defendant.

41.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations and compensate Plaintiff and Class Members for all wages earned and all hours worked.

42.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

43.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

///

-9-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS**

**(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order)**

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45.     Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by the IWC Wage Orders.

46.     Section 11 of the applicable IWC Wage Order states, "no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

47.     Labor Code § 512(a) provides that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

48.     Labor Code § 512(a) also provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49.     During the relevant time period, Plaintiff and class members did not receive timely, compliant meal periods for each five hours worked per day.  Specifically, Plaintiff and class members were regularly required to consistently work through their meal periods, regularly had their meal periods interrupted, were provided with meal periods that were often less than thirty minutes, and/or were regularly provided with meal periods after the end of the fifth hour of their shifts.

50.     Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

-10-

1  an employer to pay an employee one additional hour of pay at the employee's regular rate of

2  compensation for each work day that a meal period is not provided.

3      51.    At all relevant times, Defendants failed to pay Plaintiff and class members all meal

4  period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section

5  11 of the applicable IWC Wage Order.

6      52.    As a result of Defendants' failure to pay Plaintiff and class members an additional

7  hour of pay for each day a meal period was not provided, Plaintiff and class members suffered

8  and continue to suffer a loss of wages and compensation.

9                          **FOURTH CAUSE OF ACTION**

10                         **FAILURE TO PROVIDE REST PERIODS**

11              **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order)**

12     53.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

13  though fully set forth herein.

14     54.    Labor Code § 226.7(a) provides that no employer shall require an employee to

15  work during any rest period mandated by the IWC Wage Orders.

16     55.    Section 12 of the applicable IWC Wage Order states "every employer shall

17  authorize and permit all employees to take rest periods, which insofar as practicable shall be in

18  the middle of each work period" and the "authorized rest period time shall be based on the total

19  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

20  thereof" unless the total daily work time is less than three and one-half (3½) hours.

21     56.    During the relevant time period, Plaintiff and class members did not receive a ten

22  (10) minute rest period for every four (4) hours or major fraction thereof worked.

23     57.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order requires

24  an employer to pay an employee one additional hour of pay at the employee's regular rate of

25  compensation for each workday that the rest period is not provided.

26     58.    At all relevant times, Defendants failed to pay Plaintiff and class members all rest

27  period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12

28  of the applicable IWC Wage Order.

59.     As a result of Defendants' failure to pay Plaintiff and class members an additional hour of pay for each day a rest period was not provided, Plaintiff and class members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Violation of Labor Code § 226; Violation of IWC Wage Order)**

60.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

61.     Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

62.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned and the number of hours worked at each hourly rate by Plaintiff and class members.

63.     As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and

-12-

their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

64.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

65.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

**SIXTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**(Violation of Labor Code §§ 2800, 2802, and the Applicable IWC Wage Order § 9)**

66.     Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

67.     Labor Code § 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

68.     Labor Code § 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties…"

69.     Further, Labor Code § 2802 additionally provides, in pertinent part: "(c)…the

-13-

term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

70.     The Applicable IWC Wage Order § 9 provides that: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer . . ."

71.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

72.     During the relevant time period, Defendants were required to indemnify and reimburse Plaintiff and members of the Plaintiff Class for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequent of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and members of the Plaintiff Class.

73.     As a direct and proximate result, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses, related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

74.     Accordingly, Plaintiff and members of the Plaintiff Class are entitled to recover, and hereby seek, an amount equal to incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper. *See* Cal. Lab. Code § 2802, *see also*, Cal. Civ. Proc. Code § 1021.5.

75.     Plaintiff, on behalf of herself and members of the Plaintiff Class, requests relief as described below.

## SEVENTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY TIMELY ALL WAGES AND COMMISSIONS DUE UPON SEPARATION OF EMPLOYMENT

76.     Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

77.     California Labor Code §§ 201 and 202 provide that if an employer discharges an

-14-

employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves her employment, her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of her intention to quit, in which case the employee is entitled to her wages at the time of quitting.

78.    During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ.

79.    Defendants' failure to pay Plaintiff and Waiting Time Subclass members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

80.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

81.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

### **EIGHTH CAUSE OF ACTION**

### **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.***

82.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

83.    Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful and harmful to Plaintiff and class members.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

-15-

84.     Defendants' activities, as alleged herein, violate California law and constitute unlawful business acts or practices in violation of California Business and Professions Code §§ 17200, *et seq.*

85.     A violation of Business and Professions Code §§ 17200, *et seq.* may be predicated on the violation of any state or federal law.

86.     Defendants' policies and practices have violated state law in at least the following respects:

(a)     Failing to pay all minimum and overtime wages owed to Plaintiff and class members in violation of Labor Code §§ 510, 1194, 1194.2, 1197, and 1198;

(b)     Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

(c)     Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

(d)     Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226;

(e)     Failing to timely pay Plaintiff and class members all wages and commissions due upon separation of employment in violation of Labor Code §§ 201-203, 204; and

(e)     Failing to indemnify all necessary business expenses in violation of Labor Code §§2800, 2802.

87.     Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

88.     Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an

-16-

1  award of costs.

2                              **NINTH CAUSE OF ACTION**

3          **ENFORCEMENT OF LABOR CODE § 2698 ET SEQ. ("PAGA")**

4          89.     Plaintiff hereby re-alleges and incorporate by reference all paragraphs above as

5  though fully set forth herein.

6          90.     Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides

7  for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency

8  ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for

9  violation of the code may, as an alternative, be recovered through a civil action brought by an

10  aggrieved employee on behalf of himself and other current or former employees pursuant to the

11  procedures specified in Labor Code § 2699.3.

12         91.     Defendants' conduct violates numerous Labor Code sections including, but not

13  limited to, the following:

14              (a) Violation of Labor Code §§ 201, 202, 203, 204, 210, 510, 511, 558, 1182.12,

15                  1194, 1197 and 1198 for failure to timely pay all earned wages (including

16                  minimum wages, regular, and overtime wages) owed to Plaintiff and other

17                  aggrieved employees during employment and upon separation of employment as

18                  herein alleged;

19              (b) Violation of Labor Code §§ 226.7 and 512 for failure to provide meal periods to

20                  Plaintiff and other aggrieved employees and failure to pay premium wages for

21                  missed meal periods as herein alleged;

22              (c) Violation of Labor Code § 226.7 for failure to permit rest breaks to Plaintiff and

23                  other aggrieved employees and failure to pay premium wages for missed rest

24                  periods as herein alleged;

25              (d) Violation of Labor Code §§ 2800 and 2802 for failure to reimburse reasonable

26                  and necessary business expenses of Plaintiff and other aggrieved employees as

27                  herein alleged; and

28

-17-

(e) Violation of Labor Code § 226 for failure to provide accurate, itemized wage statements.

92.     Plaintiff is an "aggrieved employee" because he was employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore is properly suited to represent the interests of all other aggrieved employees.

93.     Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of himself and all other aggrieved employees under PAGA.

94.     PAGA imposes a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent violation.

95.     Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff are entitled to recover civil penalties, in addition to other remedies, for violations of the Labor Code sections cited above.

96.     For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred herein.

## PRAYER FOR RELIEF

Plaintiff, on her own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.      For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.      For appointment of Chanielle Enomoto as the class representative;

3.      For appointment of Lebe Law, APLC as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof with interest thereon;

5.      For economic and/or special damages in an amount according to proof with interest thereon;

6.      For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

7.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.      For civil penalties under the PAGA;

9.      For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

10.     For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq*.;

11.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

12.     For pre-judgment interest; and

13.     For such other relief as the Court deems just and proper.

Dated: May 25, 2022                    **Lebe Law, APLC**

By: _____
                                       Jonathan M. Lebe
                                       Shigufa Saleheen
                                       Attorneys for Plaintiff Chanielle Enomoto,
                                       Individually and on behalf of all others similarly
                                       situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: May 25, 2022                    **Lebe Law, APLC**

By: _____
                                       Jonathan M. Lebe
                                       Shigufa Saleheen
                                       Attorneys for Plaintiff Chanielle Enomoto,
                                       Individually and on behalf of all others similarly
                                       situated

-19-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan M. Lebe (SBN 284605)
Lebe Law, APLC
777 S. Alameda Street, Los Angeles, CA 90021

TELEPHONE NO.: 213-444-1973    FAX NO.:
ATTORNEY FOR *(Name):* Chanielle Enomoto

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

**FOR COURT USE ONLY**
ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
05/26/2022 at 10:43:06 AM
By: Cheryl Clark, Deputy Clerk

CASE NAME:
Chanielle Enomoto v. Siemens Industry, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22CV011810 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* Nine

5. This case [✓] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 25, 2022

Jonathan M. Lebe
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Enomoto v. Siemens Industry, Inc.; | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[×]  Oakland, Rene C. Davidson Alameda County Courthouse  (446)  
[  ] Hayward Hall of Justice  (447)  
[  ] Pleasanton, Gale-Schenone Hall of Justice  (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [  ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [  ] | 75 | Asbestos (D) |
| | Product liability (24) | [  ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [  ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [  ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [  ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [  ] | 80 | Civil rights (G) |
| | Defamation (13) | [  ] | 84 | Defamation (G) |
| | Fraud (16) | [  ] | 24 | Fraud (G) |
| | Intellectual property (19) | [  ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [  ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [  ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [  ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [×] | 85 | Other employment (G) |
| | | [  ] | 53 | Labor comm award confirmation |
| | | [  ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [  ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [  ] | 81 | Collections (G) |
| | Insurance coverage (18) | [  ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [  ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [  ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [  ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [  ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [  ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [  ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [  ] | 21 | Unlawful detainer - drugs  **[  ] Yes   [  ] No** |
| Judicial Review | Asset forfeiture (05) | [  ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [  ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [  ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** | | |
| | Other judicial review (39) | [  ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [  ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [  ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [  ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [  ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [  ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [  ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [  ] | 19 | Enforcement of judgment |
| | | [  ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [  ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [  ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [  ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [  ] | 06 | Change of name |
| | | [  ] | 69 | Other petition |

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF ALAMEDA

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda
05/26/2022
Clad Flag, Executive Officer / Clerk of the Court
By: *Cheryl Clark* Deputy
C. Clark

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Chanielle Enomoto, individually and on behalf of all others similarly

DEFENDANT:
Siemens Industry, Inc.

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22CV011810

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 09/26/2022    Time: 8:30 AM    Dept.: 21
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>05/26/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Cheryl Clark_ Deputy<br>C. Clark |
| PLAINTIFF/PETITIONER:<br>Chanielle Enomoto, individually and on behalf of all others similarly situated | |
| DEFENDANT/RESPONDENT:<br>Siemens Industry, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV011810 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chad Finke, Executive Officer / Clerk of the Court

Dated: 05/26/2022                    By:

*Cheryl Clark*

C. Clark, Deputy Clerk

**CERTIFICATE OF MAILING**